UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| **JON WRIGHT,**<br>d/b/a JQ Licensing<br>PO Box 1498<br>Walker, MN  56484<br><br>           Plaintiff,<br><br>vs.<br><br>**THE FISHING CREW PRO<br>      CHALLENGE, LLC**<br>581 Illinois Ave.<br>Huron, SD  57350-4619<br><br>**DAVE UNDERHILL** and<br>**CURT UNDERHILL,**<br>      as individuals<br>PO Box 1106<br>Pierre, SD  57501<br><br>           Defendants. | Case No. 3:13-cv-03031-RAL |

## DEFENDANT CURT UNDERHILL'S MOTION TO DISMISS AND ANSWER OF REMAINING DEFENDANTS TO COMPLAINT FOR COPYRIGHT INFRINGEMENT

### MOTION TO DISMISS

For his Motion to Dismiss, Defendant Curt Underhill states and alleges as follows:

1. Defendant Curt Underhill is not an owner or director of Defendant The Fishing Crew Pro Challenge, LLC.

2. Defendant Curt Underhill has no right or ability to control the company.

3. Defendant Curt Underhill receives no compensation from the company.

4. Plaintiff has failed to state a claim against Defendant Curt Underhill for which relief can be granted.

Defendants, THE FISHING CREW PRO CHALLENGE, LLC and DAVE UNDERHILL ("Answering Defendants"), now answer the Complaint against them alleging copyright infringement, and deny any and all such allegations, and all other allegations of the Complaint except as specifically admitted and states affirmative defenses as follows:

## JURISDICTION AND VENUE

1. Answering paragraph 1 of the Complaint, Answering Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Answering Defendants deny them.

2. Answering Defendants admit the allegations of the nature of the case in paragraph 2.

3. Answering Defendants admit the allegations of subject matter jurisdiction in paragraph 3.

4. Answering Defendants admit the allegations of venue of paragraph 4.

## PARTIES AND FACTS

5. Answering paragraph 5 of the Complaint, Answering Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Answering Defendants deny them.

6. Answering paragraph 6 of the Complaint, Answering Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Answering Defendants deny them.

7. Answering paragraph 7 of the Complaint, Answering Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Answering Defendants deny them.

8. Answering Defendants deny the allegations of paragraph 8. Defendant The Fishing Crew Pro Challenge, LLC, is a limited liability company organized under the laws of the State of South Dakota.

9. Answering Defendants deny the allegations of the first sentence of paragraph 9 and assert that Defendant Curt Underhill has no control or right to control the business of the company. Defendant Curt Underhill is not an owner or director of the company. Defendant Dave Underhill is the sole member and director of the company. Answering Defendants admit that the Defendant The Fishing Crew Pro Challenge, LLC's business includes the sponsorship of fishing challenges within South Dakota.

10. Answering Defendants admit the allegations of paragraph 10.

11. Answering Defendants deny the allegations of paragraphs 11 through 13.

12. Answering Defendants deny the allegations of paragraph 14. Upon information and belief any communications by Plaintiff to Answering Defendants in 2011 was in regards to a different image.

13. Answering Defendants deny the allegations of paragraph 15. Answering Defendants are not using Plaintiff's fish.

14. Answering Defendants deny the allegations of paragraph 16.

15. Answering Defendants deny the allegations of paragraph 17. Upon information and belief, the use of the allegedly-infringing image by Answering Defendants began before the registration date of Plaintiff's work.

16. The allegations of paragraph 18 call for legal conclusions and, therefore, Answering Defendants deny them.

17. Answering Defendants deny the allegations of paragraph 19.

18. Answering Defendants deny the allegations of paragraph 20.

19. Answering Defendants deny the allegations of paragraph 21.

20. Answering Defendants deny the allegations of paragraph 22. Defendant The Fishing Crew Pro Challenge, LLC does not realize a profit. In fact, the Company requires annual subsidization from Defendant Dave Underhill in order to continue hosting fishing events.

21. The Fishing Crew Pro Challenge, LLC sponsors and hosts fishing competitions within South Dakota.

22. Entry fees for the competitions are placed in a separate bank account where the funds are used to cover operating expenses, trophies and prize money for the participants.

23. The logo used by Defendant The Fishing Crew Pro Challenge, LLC was created and designed by a third party company as a work for hire.

24. The company hired to create and design the logo assured Answering Defendants that the Logo contained no infringing uses of copyrighted material.

25. Answering Defendants did not independently create or design the logo.

26. Answering Defendants do not realize a profit from the activities of the Company nor do they receive royalties or payments from any television show or other media.

## ALLEGED INFRINGEMENT OF COPYRIGHTS

27. Paragraph 23 contains no allegations that require a response.

28. Answering Defendants deny the allegations in paragraph 24.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

29. Plaintiff fails to state a claim against Answering Defendants on which relief can be granted.

In the event that there is determined to be an infringing use of Plaintiff's work, Answering Defendants hereby assert the following Affirmative Defenses in this case:

Second Affirmative Defense

30. Answering Defendants further assert the affirmative defense that the statutory damages sought by Plaintiff are unconstitutionally excessive.

Third Affirmative Defense

31. Plaintiff's claims are barred by the First Sale Doctrine.

Fourth Affirmative Defense

32. The action is barred by the doctrine of Laches, as Plaintiff has done little or nothing to stop the distribution of its work on the Internet.

33. Plaintiff's inaction or ineffectiveness in preventing the widespread distribution of its work online has allowed members of the public, including, Answering Defendants, to justifiably assume that such use of the images were completely legal practice.

34. Plaintiff's inaction lulled such persons into the belief that such use of the image was acceptable to the Plaintiff. Plaintiff's delay and inaction in allowing the continued distribution and availability of its image was inexcusable and prejudicial to Answering Defendants by reason of their change of position in reliance as a result of such delay.

35. Plaintiff's inaction and delay justifiably gave Answering Defendants the belief that such use of the image was legitimate and authorized. Plaintiff is thus guilty of Laches

Fifth Affirmative Defense

36. Any use of the fish image in Exhibit A of the Complaint by Answering Defendants was done, if at all, with innocent intent, in that Answering Defendants believed in good faith that any such conduct did not constitute an infringement of copyright.

### Sixth Affirmative Defense

37. Some or all of the purported infringements alleged by Plaintiff are barred by the statute of limitations set forth in Section 507 of the Copyright Act, 17 U.S.C. § 507.

### Seventh Affirmative Defense

38. Plaintiff is not entitled to equitable relief, as he is guilty of conduct directly related to the merits of the controversy between the parties, sufficient to affect the equitable relations between the parties, and sufficient it invoke the doctrine of unclean hands. Answering Defendants have been and continue to be injured by Plaintiff's conduct.

### Eighth Affirmative Defense

39. Plaintiff cannot recover as Plaintiff has heretofore waived, licensed, abandoned, or forfeited any rights previously held under the Copyright Act, surrendered by operation of law.

### Ninth Affirmative Defense

40. Answering Defendants did not intentionally or otherwise deprive or cause Plaintiff to be deprived of any of his rights.

### Tenth Affirmative Defense

41. Plaintiff failed to place proper copyright notices pursuant to 17 U.S.C. §401.

### Eleventh Affirmative Defense

42. Defendants reserve the right to plead additional defenses (or cross-claims or counter claims) that may be identified during investigation and/or course of discovery.

WHEREFORE, Defendants pray this Honorable Court for the following relief:

1. For dismissal of Plaintiff's claim against Defendant Curt Underhill with prejudice and that Plaintiff take nothing thereunder;

2. For dismissal of the Plaintiff's action with prejudice;

3. For an order that Plaintiff shall take no relief from his complaint herein;

4. For an Order declaring each Defendants is a prevailing party and for an award of their relief under Section 505 of the Copyright Act.

5. For an award of each Defendants' costs and attorneys' fees herein incurred; and

6. For such further and other relief as the Court deems fair and just.

Dated this 28th day of October, 2013

                **COSTELLO, PORTER, HILL, HEISTERKAMP, BUSHNELL & CARPENTER, LLP**

                By: /s/ *Shane M. Pullman*
                **Shane M. Pullman**
                **Joseph R. Lux**
                Attorneys for Defendants
                P.O. Box 290
                Rapid City, SD 57709
                (605) 343-2410

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2013, a true and correct copy of the foregoing **DEFENDANTS' ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT** as served upon the following counsel of record, as follows:

| | |
|---|---|
| Brad A. Schreiber | [ ] U.S. Mail |
| Attorney at Law | [ ] Federal Express |
| 740 East Sioux Avenue, Suite 110 | [ ] Hand-Delivery |
| Pierre, SD 57501 | [ ] Telefacsimile |
| | [X] Email to: brad@xtremejustice.com |
| | [ ] Other: |

                COSTELLO, PORTER, HILL, HEISTERKAMP,
                BUSHNELL & CARPENTER LLP

By: /s/ Shane M. Pullman
Joseph R. Lux
Shane M. Pullman
Attorneys for Defendants
P. O. Box 290
Rapid City, SD 57709
(605) 343-2410