UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| JON WRIGHT d/b/a JQ LICENSING, | * | CIV 13-3031-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | CONCERNING |
| THE FISHING CREW PRO | * | MOTION TO WITHDRAW |
| CHALLENGE, LLC; DAVE | * | |
| UNDERHILL and CURT UNDERHILL, | * | |
| As Individuals, | * | |
| | * | |
| Defendants. | * | |

On July 23, 2014, attorneys from the law firm of Costello, Porter, Hill, Heisterkamp, Bushnell & Carpenter, LLP, filed a Motion to Withdrawal as counsel of record for the Defendants, Doc. 38, seeking to withdraw without substitution of new counsel. The explanation for the Motion to Withdraw is that the "Defendants were notified in writing on June 4, 2014, and again on July 9, 2014, that unless they met their obligations to your Movants, . . . we would seek to withdraw based on their continuing failure to fulfill their obligation . . . regarding Movant's provision of legal services to Defendants. Defendants have failed to meet their obligations and Movants now seek to withdraw." Doc. 38.

**Discussion**

Under Local Rule of Civil Practice 83.9(C), "[w]ithdrawal without substitution may be granted only upon motion, for good cause shown. Notice of the motion will be provided to the client by the withdrawing attorney." The Motion to Withdraw reflects that it was mailed to the Defendants individually. The Motion to Withdraw has a very terse explanation, leaving this Court to infer that Defendants have not paid attorney's fees billed and that the defense firm threatened twice in the last eight weeks to withdraw if Defendants did not pay the attorney's fee bill, and Defendants still have not

paid. Such an inference may or may not be entirely correct and other circumstances besides being merely a couple of months behind on attorney's fees payment ought to exist to constitute good cause for allowing counsel to withdraw as counsel of record without substitution.

Because Defendant The Fishing Crew Pro Challenge, LLC is a limited liability corporation, another reasons exists to forestall granting the Motion to Withdraw. Individuals like Defendants Dave and Curt Underhill may represent their own interests pro se but not those of a company. See, e.g., Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel.") (citations omitted). A corporation is technically in default on the date its counsel is permitted to withdraw unless substitute counsel has entered an appearance. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996). These rules also apply to partnerships and limited liability corporations. Rowland, 506 U.S. at 202 (1993); Tinker & Chance v. Zowie Intertainment, Inc., 15 Fed. App'x 827, 828 (Fed. Cir. 2001) ("All artificial entities, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney."); Turner v. Am. Bar Ass'n, 407 F. Supp. 451, 476 (N.D. Tex. 1975) ("Corporations and partnerships . . . cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of [28 U.S.C.A. § 1654] is that they must be represented by licensed counsel."), aff'd sub nom. Pilla v. Am. Bar Ass'n, 542 F.2d 56 (8th Cir. 1976) and aff'd sub nom. Taylor v. Montgomery, 539 F.2d 715 (7th Cir. 1976). If this Court were to grant the Motion to Withdraw without substitution of counsel at this time, then Defendant The Fishing Crew Pro Challenge, LLC could be technically in default.

This Court cannot expect the defense attorneys to represent for-profit businesses and those affiliated with those businesses on a pro bono basis however. Yet the standard for granting a motion

of this nature is "for good cause shown," which has not been met here. More information simply needs to exist in the record for this Court to gauge whether "good cause" exists to allow withdrawal without substitution of counsel at this time. The defense attorneys need to file an affidavit, ex parte and under seal if they wish, showing good cause to withdraw and need to send that affidavit to the Defendants. If good cause is shown and the Defendants do not respond within 21 days, then this Court would grant such a motion, which in turn could cause the corporate Defendant to be in default. Therefore, it is hereby

ORDERED that the Motion to Withdraw, Doc. 38, is held in abeyance pending filing of an affidavit establishing good case. It is further

ORDERED that if an affidavit from the defense attorneys is filed and served on the Defendants, the Defendants will have 21 days within which to file a response if they contest withdrawal of counsel. It is finally

ORDERED that defense attorneys send a copy of this Order to the Defendants.

Dated July 29, 2014.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE