UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| JON WRIGHT d/b/a JQ LICENSING, | * | CIV 13-3031-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | GRANTING |
| THE FISHING CREW PRO | * | MOTION TO WITHDRAW |
| CHALLENGE, LLC; DAVE | * | |
| UNDERHILL and CURT UNDERHILL, | * | |
| As Individuals, | * | |
| | * | |
| Defendants. | * | |

On July 23, 2014, attorneys from the law firm of Costello, Porter, Hill, Heisterkamp, Bushnell & Carpenter, LLP, filed a Motion to Withdrawal as counsel of record for the Defendants, Doc. 38, seeking to withdraw without substitution of new counsel. The explanation for the Motion to Withdraw was that the "Defendants were notified in writing on June 4, 2014, and again on July 9, 2014, that unless they met their obligations to your Movants, . . . we would seek to withdraw based on their continuing failure to fulfill their obligation . . . regarding Movant's provision of legal services to Defendants. Defendants have failed to meet their obligations and Movants now seek to withdraw." Doc. 38.

Under Local Rule of Civil Practice 83.9(C), "[w]ithdrawal without substitution may be granted only upon motion, for good cause shown. Notice of the motion will be provided to the client by the withdrawing attorney." The Motion to Withdraw reflected that it was mailed to the Defendants individually. The Motion to Withdraw had a very terse explanation, leaving this Court to infer that Defendants had not paid attorney's fees billed, that the defense firm warned the Defendants twice in the eight weeks prior to filing the motion of the defense firm's intention to withdraw if Defendants did not pay the attorney's fee bill, and that the Defendants still had not paid.

On July 29, 2014, this Court entered an Opinion and Order Concerning Motion to Withdraw. Doc. 39. This Court determined that the terse Motion to Withdraw had not met the standard of "for good cause shown," and that more information was needed in the record for this Court to gauge whether "good cause" existed to allow withdrawal without substitution of counsel at that time. One reason to so hesitate was:

> Because Defendant The Fishing Crew Pro Challenge, LLC is a limited liability corporation, another reasons exists to forestall granting the Motion to Withdraw. Individuals like Defendants Dave and Curt Underhill may represent their own interests pro se but not those of a company. See, e.g., Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel.") (citations omitted). A corporation is technically in default on the date its counsel is permitted to withdraw unless substitute counsel has entered an appearance. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996). These rules also apply to partnerships and limited liability corporations. Rowland, 506 U.S. at 202 (1993); Tinker & Chance v. Zowie Intertainment, Inc., 15 Fed. App'x 827, 828 (Fed. Cir. 2001) ("All artificial entities, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney."); Turner v. Am. Bar Ass'n, 407 F. Supp. 451, 476 (N.D. Tex. 1975) ("Corporations and partnerships . . . cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of [28 U.S.C.A. § 1654] is that they must be represented by licensed counsel."), aff'd sub nom. Pilla v. Am. Bar Ass'n, 542 F.2d 56 (8th Cir. 1976) and aff'd sub nom. Taylor v. Montgomery, 539 F.2d 715 (7th Cir. 1976). If this Court were to grant the Motion to Withdraw without substitution of counsel at this time, then Defendant The Fishing Crew Pro Challenge, LLC could be technically in default.

Doc. 39. This Court accordingly required the defense attorneys to file an affidavit, ex parte and under seal if they wished, to show good cause to withdraw and to send that affidavit to the Defendants together with a copy of the Opinion and Order Concerning Motion to Withdraw, Doc. 39. This Court stated: "If good cause is shown and the Defendants do not respond within 21 days, then this Court

would grant such a motion, which in turn could cause the corporate Defendant to be in default." Doc. 39.

On August 7, 2014, a defense attorney filed an Ex Parte Affidavit of Counsel for Defendants. Doc. 40. The defense firm sent the affidavit and a copy of this Court's prior Opinion and Order to Defendants. Doc. 40. The affidavit shows good cause to allow counsel for Defendants to withdraw. The Defendants have not responded, notwithstanding more than twenty-one days having elapsed since service of the affidavit. Therefore, for good cause, it is hereby

ORDERED that the Motion to Withdraw, Doc. 38, is granted; that the law firm of Costello, Porter, Hill, Heisterkamp, Bushnell & Carpenter, LLP, be removed as counsel of record for Defendants; that the individual Defendants may proceed pro se if they wish; that the corporate Defendant, The Fishing Crew Pro Challenge, LLC, is in default and has twenty-one days to substitute counsel after which Plaintiff may seek a default judgment against he corporate Defendant. It is further

ORDERED that the Clerk of Court mail a copy of this Order to each of the Defendants.

Dated September 3, 2014.

BY THE COURT:

/s/ *Roberto A. Lange*
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE